## ELSIE WALQUIST v. KANSAS CITY RAILWAYS COMPANY, Appellant.

Division Two, February 18, 1922.

1. **NEGLIGENCE: Injury to Passenger: Defective Car.** Where a defective car ran down a steep incline and collided with another car on the same track on which plaintiff was a passenger, defendant cannot excuse itself by merely showing that its servants in charge of the car, when they discovered its defective condition, endeavored to stop it; but the question still remained whether defendant was negligent in having said defective car upon the side of the hill without adequate means to stop it from running into other cars.

2. ———: ———: **Instruction: Utmost Human Foresight.** In an action for personal injuries received by a passenger when a defective car ran down a steep incline and collided with the street car on which she was riding, an instruction telling the jury that the burden is on defendant to prove the collision "was occasioned by

inevitable accident that could not by the exercise of the utmost human foresight, knowledge, skill and care have been prevented by the defendant, and unless the jury so believe," etc., imposes upon defendant a greater burden than is required by the law. The carrier owes to passengers a very high degree of care, but not care to the utmost limit imaginable.

3. **PLEADING: Constitutive Facts: Special Damages.** Whatever facts are necessary for plaintiff to prove in order to make out her case must be alleged in her petition; and if plaintiff seeks to recover special damages, the facts relating thereto, instead of glittering generalities, must be stated.

4. ———: ———: ———: **Miscarriage: Diseased Ovaries: Proof.** Where plaintiff began her action for personal injuries soon after the accident, and sixteen months thereafter filed an amended petition, in which she alleged, among many other injuries, that "her female organs were so injured as to impair their proper functions," but containing no other allegation hinting at pregnancy, miscarriage, diseased ovaries or sceptic infection, and at the trial, held two months later, she was permitted, over defendant's objection, to prove that she was pregnant at the time of the injury and suffered a miscarriage two weeks thereafter; that as a result her ovaries became diseased, and she had to be curetted with instruments; that sceptic infection and irregularities of menstruation developed, and that the diseased condition of the ovaries would remain until removed by an operation, the judgment for ten thousand dollars must be reversed, both because said special damages were not alleged, and not being alleged the evidence to establish them was inadmissible.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED AND REMANDED.

*Charles N. Sadler* and *E. E. Ball* for appellant.

(1) The court erred in admitting incompetent, irrelevant and immaterial evidence offered by plaintiff. (a) Evidence of miscarriage, and diseased condition of ovaries and fallopian tubes was erroneous because not properly pleaded. Hall v. Coal Co., 260 Mo. 370; Shafer v. Dunham, 183 S. W. 670; Martin v. Ry. Co., 204 S. W. 589; Provance v. Ry. Co., 186 S. W. 955; Smith v. Ry.

Co., 199 S. W. 707; Fink v. United Rys. Co., 219 S. W. 679. (b) Evidence of painful and irregular menses was erroneous because not pleaded. Bergfeld v. Dunham, 202 S. W. 253. (c) Evidence of operation was erroneous because not properly pleaded. Mahany v. Rys. Co., 228 S. W. 827. (2) The court erred in giving instructions requested by plaintiff. Beave v. Transit Co., 212 Mo. 331; Roscoe v. Ry. Co., 202 Mo. 576; State ex rel. v. Ellison, 270 Mo. 653; Simms v. Dunham, 203 S. W. 652; Boles v. Dunham, 203 S. W. 408; Murdock v. Dunham, 206 S. W. 915; Kirn v. Harvey, 208 S. W. 479; Shafer v. Dunham, 183 S. W. 670; Hall v. Coal Co., 260 Mo. 351; Mahany v. Rys. Co., 228 S. W. 821.

*Prince, Hamilton, Harris & Beery* for respondent.

(1) The petition is amply sufficient to admit of the testimony complained of by appellant. (a) As to the admissibility of evidence of miscarriage, diseased condition of ovaries, fallopian tubes and irregular menstruation, see Mayne v. K. C. Rys. Co., 229 S. W. 387. (b) As to evidence of admissibility of operation to show extent and character of injury alleged, also the reasonable probability of future pain and suffering complained of in petition, see Stoebier v. Transit Co., 203 Mo. 702. (2) Even though petition was not sufficient to admit the evidence complained of by appellant, yet its failure to file affidavit of surprise precludes it at this time from setting up the question of variance. Sec. 1272, R. S. 1919; Reeves v. Larkin, 19 Mo. 192; Fisher v. Realty Co., 159 Mo. 567; Newton v. Harvey, 202 S. W. 251; Cossitt v. Ry. Co., 224 Mo. 97; Mellor v. Mo. Pac. Ry. Co., 105 Mo. 471. (3) The allegation of the petition is one of general and not specific negligence, hence instruction based upon the theory of *res ipsa loquitur* is not error. McDonald v. Met. St. Ry. Co., 219 Mo. 65.

RAILEY, C.—This case was commenced on September 25, 1918, and was tried at Kansas City, Missouri, on

an amended petition, in which it is alleged that defendant is a corporation engaged in the transportation of passengers for hire; that it owns, operates and controls cars, tracks, etc., in Missouri and Kansas, and especially in the vicinity of 10th Street, in Kansas City, Kansas; that on. or about the 5th day of September, 1918, plaintiff became a passenger for hire on one of defendant's north-bound Argentine-Minnesota Avenue cars, owned and operated by it; that the defendant, by and through its agents and servants then and there operating another street car owned by it and operated on the same track in advance of the car upon which plaintiff was a passenger, carelessly and negligently caused, suffered, allowed and permitted said car to move backward toward the one on which plaintiff was a passenger aforesaid, and to collide with said car on said 10th Street, near Lyons Street; that by reason of the imminent danger of the collision aforesaid, plaintiff attempted to alight from said car, and was thrown therefrom with great violence to the pavement below and sustained serious and permanent injuries, as described in said petition. Plaintiff claims to have been damaged in the sum of ten thousand dollars, for which amount she prayed judgment.

The answer to said petition was a general denial.

The trial of this cause was commenced before a jury on March 29, 1920. Plaintiff's evidence tends to show that on April 5, 1918, she was a healthy young married woman about twenty-seven years of age and the mother of one child; that on the above date she was a passenger on one of defendant's cars, going to her place of business in Kansas City, Kansas; that while ascending a grade at 10th Street, near Lyons Street, in Kansas City, Kansas, one of defendant's cars, preceding the one upon which she was a passenger, was defective in some manner, and began running backward down the hill toward the car upon which plaintiff was riding; that the motorman in charge of said last named car stopped the same, and proceeded to back it in order to avoid a collision with said oncoming defective car; that said motorman discovered another car

approaching from the rear the one on which plaintiff was riding, and again stopped his car, abandoned the same by jumping from the platform, with the passengers, in order to effect his escape; that respondent, as one of said passengers, also endeavored to jump and save herself from peril, but, as she reached the front vestibule of her car, a collision between her car and the defective one occurred, and with great force threw her from the platform of her car to the street, where she fell with her face downward beneath a large man.

In order to avoid repetition, the evidence in regard to plaintiff's injuries, suffering, etc., will be considered later.

The testimony of defendant, relating to the defective car and the collision, differs but little, if any from the facts heretofore stated. No testimony in rebuttal was offered. Thereupon, defendant interposed a demurrer to the evidence, which was overruled.

The rulings of the court in passing upon the instructions, etc., will be considered in the opinion.

The jury returned a verdict in favor of plaintiff for $10,000 and judgment was entered accordingly. Defendant, in due time, filed motions for a new trial and in arrest of judgment. Both motions were overruled, and the cause duly appealed to this court.

I. Appellant contends that at the conclusion of the whole case the court committed error in overruling its demurrer to the evidence. It is undisputed that, at the time and place of accident, plaintiff was a passenger upon one of defendant's cars in Kansas City, Kansas, and that she sustained some injury while occupying this position, without negligence upon her part. The charge of negligence set out in the amended petition reads substantially as follows: That defendant, by and through its agents and servants, then and there operating another street car owned by it, and operated on the same track in advance of the car upon which plaintiff was riding, carelessly and negligently per-

**Demurrer to Evidence.**

mitted said car to move back toward the one on which plaintiff was a passenger, and to collide with said car on said 10th Street, near Lyons Street; that by reason of the imminent danger of the collision aforesaid, plaintiff attempted to alight from said car, and was thrown therefrom, with great violence, to the pavement below, and sustained serious and permanent injuries.

J. A. Marquis, motorman of the car which collided with the one on which plaintiff was riding, testified, in substance, that on the morning of the accident the air pump on his car burned out; that he pulled into Packard and Kansas Avenue and refused to operate said car on account of its brakes; that the inspector, with said motorman, then took charge of said defective car, and started to the barn with it. On the way to said barn the collision occurred, as heretofore stated.

It is undisputed that defendant, through its servants, was attempting to move this defective car over a track containing heavy grades, without it being attached to any other car whose brakes and appliances were in a proper condition, and that too, while other cars were transporting passengers over this track. It may be true, that the servants in charge of this defective car, when they found it would not go over the hill, and commenced running back, endeavored to stop the same, yet this did not preclude the jury from convicting defendant of negligence, in having this defective car upon the side of said hill, without adequate means to stop it from running into collision with the car on which plaintiff was a passenger. The defendant owed to plaintiff, as one of its passengers, a high degree of care, and could not avoid its responsibility under the circumstances aforesaid, by merely showing that defendant's inspector and motorman exercised due care in trying to stop the defective car after it commenced running back.

We accordingly hold, that the petition states a good cause of action, and that plaintiff presented substantial evidence at the trial entitling her to go to the jury on the

merits of the controversy. [Abramowitz v. United Rys. Co., 214 S. W. (Mo.) l. c. 120.]

II. Defendant complains of plaintiff's Instruction "A," which reads as follows:

"The court instructs the jury that . . . plaintiff is not required to prove the cause of such collision, but the burden of proof is cast upon the defendant ***Utmost Human Foresight.*** to rebut this presumption of negligence, and establish the fact that there was no negligence upon its part, and that the injury, if any, to plaintiff, *was occasioned by inevitable accident that could not by the exercise of the utmost human foresight, knowledge, skill and care, have been prevented, by the defendant,* their agents or servants; and *unless* the jury so believe, then you will find for the plaintiff." (Italics ours.)

This instruction, as indicated by the italicised portion, imposed upon defendant a greater burden than that required by the law. [Furnish v. Ry. Co., 102 Mo. l. c. 450-1; Magrane v. Ry. Co., 183 Mo. l. c. 128; Loftus v. Met. St. Ry. Co., 220 Mo. l. c. 478-9.]

In Magrâne v. Ry. Co., 183 Mo. 128, VALLIANT, J., in considering this subject, said:

"The care which a carrier owes to its passengers is of a very high degree. In attempting to give it definition a variety of forms of expression have been used, as the learned judge who wrote the opinion in that case mentioned, and after giving some of them, he said: 'The various formulas amount to the same thing in principle.' It is a very high degree of care, but not the utmost care that human imagination can conceive. It is the highest degree of care that can reasonably be expected of prudent, skillful and experienced men engaged in that kind of business. The term 'as far as is capable by human care and foresight' in this connection is liable to be misconstrued by a jury as meaning care to the utmost limit imaginable, that is, care without limit, whereas the highest degree of care practicable among prudent and skillful men in that business is all that can reasonably be expected of any men and it is all that the law demands."

The above quotation was cited with approval in Loftus v. Met. St. Ry. Co., 220 Mo. l. c. 478-9, and should be followed as declaratory of the law upon this subject.

III.   Appellant contends that the trial court erred in admitting, over its objection, incompetent **Special Damages: Miscarriage: Proof.** testimony relating to plaintiff's physical condition, which was not covered by the pleadings in the case.

In Kinlen v. Ry. Co., 216 Mo. l. c. 173-4, WOODSON, J., speaking for Division One of this court, very appropriately said: "There should be no masked batteries in the trial of a lawsuit. All matters should be uncovered in such a manner that the court, counsel and jury may see and understand all questions presented for determination."

The same principle of law was announced in Hall v. Coal & Coke Co., 260 Mo. l. c. 371, and in Breen v. United Railways Co., 204 S. W. l. c. 522.

The petition alleges that respondent was thrown from said car "with great force and violence to the pavement below, then and there and thereby seriously and permanently injuring and crippling plaintiff, and as a result thereof the muscles, bones, ligaments and nerves of her entire body were bruised, strained, sprained and wrenched; that her female organs were so injured as to impair their proper functions; that her hips, back and spinal column and all the bones, ligaments, muscles and nerves thereof were bruised, strained, sprained and wrenched, and plaintiff has been rendered permanently sick, sore, lame, weak, and received a serious and permanent nervous shock; that she has suffered great physical pain and mental anguish and will so continue to suffer during the remainder of her natural life; that she has lost and will in the future lose much of her natural rest and sleep."

Plaintiff was injured on September 5, 1918, and commenced this suit on September 25, 1918. She filed the amended petition herein in January, 1919, and the trial was commenced on March 29, 1920.

Over proper and timely objections made by defendant, the trial court permitted plaintiff to show that she was pregnant at the time of her injury and had a miscarriage within two weeks thereafter, although the petition contained no reference to either her pregnancy or miscarriage. Without pleading it, she was permitted to prove, over the objection of defendant, that as a result of said miscarriage a three months old fetus was passed; that her ovaries became diseased, and she had to be curetted with instruments; that she developed septic infection, irregularities of her menstruation, and that the diseased condition of her ovaries would remain until removed by an operation. The foregoing matters were known to plaintiff, her counsel and physician long before the filing of the amended petition in this cause, and yet they appear to have been deliberately omitted therefrom, by her counsel, in order to obtain an unfair advantage of defendant at the trial of the cause. The absence of averments relating to the above matters cannot be satisfactorily explained in any other way.

It is evident from reading the record in this case that so large a verdict would not have been returned, based upon plaintiff's physical condition, outside of the foregoing matters, for the testimony of Mrs. Brooks, plaintiff's nurse, reads as follows:

"Q. The only physical evidence of injury that you could see on Mrs. Walquist was the skinned places on her hands and limbs? A. Yes, sir.

"Q. As though she had fallen on some rough surface? A. Yes, sir."

Our code requires that plaintiff shall state in his or her petition, a plain and concise statement of the facts constituting the cause of action. Whatever facts are necessary for plaintiff to prove at the trial in order to make out a case, are *constitutive* in the sense that they must be alleged. If *special* damages are sought to be obtained, the facts relating thereto should be stated in the petition, instead of glittering generalities. Aside from the foregoing, we have uniformly held that the issues re-

quired to be stated in the petition, cannot be enlarged by either the evidence or instructions. [Daniel v. Pryor, 227 S. W. (Mo.) l. c. 105 and cases cited; Zasemowich v. Am. Mfg. Co., 213 S. W. (Mo.) l. c. 802-3 and cases cited; State ex rel. v. Ellison, 270 Mo. 645, 195 S. W. 722; Scrivner v. Railroad, 260 Mo. 421, 169 S. W. 83; Schumacher v. Breweries Co., 247 Mo. l. c. 162, 152 S. W. 13; State ex rel. v. Morrison, 244 Mo. l. c. 211-12, 148 S. W. 907; Degonia v. Railroad, 224 Mo. l. c. 589, 123 S. W. 807; Christian v. Ins. Co., 143 Mo. l. c. 469, 45 S. W. 268.]

The testimony which went to the jury over defendant's objections in respect to the foregoing matter, was admitted in violation of the principles of law laid down in the foregoing authorities. It is evident from reading the record herein, that the verdict returned is based largely upon facts which in common fairness ought to have been pleaded, if plaintiff desired to rely thereon.

IV. On account of the errors heretofore pointed out, the cause is reversed and remanded for a new trial. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur; *Walker, J.,* in all except that part of opinion criticising plaintiff's counsel.

WALKER, J. (concurring).—I concur except as to the following statement in the majority opinion: "The foregoing matters were known to plaintiff, her counsel and physician, long before the filing of the amended petition in this cause, and yet they appear to have been deliberately omitted therefrom, by her counsel, in order to obtain an unfair advantage of defendant at the trial of the cause. The absence of averments relating to above matters, cannot be satisfactorily explained in any other way." My objection to the foregoing relates wholly to its propriety.