CARRIE GOLDEN *vs.* R. L. GREENE PAPER CO.

APRIL 12, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Automobiles.   Negligence.   Proximate Cause.*

In an action for personal injury by plaintiff being struck by a roll of paper which fell off a truck, which was being driven by defendant's servant, assuming that there might have been a lack of care in loading the truck, the proximate cause of the injury was in carrying the roll along the streets so insecurely placed upon the truck that it was likely at any time to fall therefrom, and evidence of negligence in this regard, would support the allegation in the declaration that defendant "so carelessly and negligently transported said merchandise that a roll of paper fell off said truck and struck said plaintiff."

*(2)   Pleading.   Uncertainty.   Verdicts.*

Indefiniteness in the allegation of negligence is cured by verdict.

*(3)   Negligence.   Pleading.   Certainty.*

Where merchandise being transported on a truck was in the exclusive control of defendant and the manner in which it was being transported was within the knowledge of defendant but unknown to plaintiff and the accident was one that does not ordinarily happen when due care is used, reasonable certainty on the part of plaintiff in stating his case only is required.

*(4)  Damages.*

Although an impaired condition of health may have existed to some degree
  before an accident, if the injury arising from the accident aggravated that
  condition and rendered an operation necessary, plaintiff may recover for
  the expense of such operation.

TRESPASS ON THE CASE for negligence. Heard on exceptions of both parties. Exceptions of plaintiff overruled. Exception of defendant sustained as to amount of verdict.

SWEETLAND, C. J. This is an action of trespass on the case to recover damages for personal injuries alleged to have resulted from the negligence of the defendant's servant.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff in the sum of $8,500. The defendant duly filed its motion for new trial. On this motion said justice decided that the damages awarded were excessive and that he would grant the motion unless the plaintiff should remit all of said verdict in excess of $6,000. The case is before us upon the exception of each party to the decision of said justice.

It appears that the plaintiff while walking along the sidewalk on Broad Street in Providence, on the day when she received the injuries of which she complains, stopped at what is known as Jencks Alley to permit a delivery truck of the defendant to cross the sidewalk and enter said alley. While said truck was crossing the sidewalk a roll of corrugated paper fell from the side of the truck and struck the plaintiff. Said roll was thirty-six inches long, twenty-five inches in diameter and weighed seventy pounds. It further appears that the top of the sideboards of the truck was fourteen inches above its floor, and that attached to the top of each sideboard was a so-called "bill" or shelf, nine inches wide, extending outward and slightly upward from the top of the sideboard. At the time in question the body of said truck, between the sideboards, was loaded with packages and rolls of paper, and four rolls of corrugated paper were placed upon the "bill" on either side of the truck. Each roll stood on end leaning slightly inward against the merchandise in the body of the truck. As the

bill was nine inches wide and each roll was twenty-five inches in diameter a considerable portion of the bottom of each roll overhung the outer edge of the "bill". When the truck was loaded, each roll standing on the bill was secured solely by a rope attached to a hook in the body of the truck under the roll, which rope passed up and over the top of the roll, thence across the truck and over the top of the roll standing on the bill on the other side of the truck and thence downward where it was drawn taut and attached to another hook in the body of the truck. The plan of this method was to secure each roll by pressing and holding it firmly against the merchandise in the body of the truck. It is apparent that any shifting of the merchandise in the body of the truck would tend to slacken the rope over the top of the two rolls opposite each other, that the jar of the truck in passing over inequalities in the road would tend to shake a roll out from under the rope which bore only upon the outer edge of the top of the roll, and that a roll, if freed from the restraint of the rope, and standing nearly upright on the narrow outer shelf of the truck would be likely to fall from the truck when it was in motion. It was one of the rolls which had been standing on the bill, that fell off and struck the plaintiff.

The plaintiff made the following allegations of negligence in her declaration: "The defendant, its agents and servants so carelessly and negligently managed, controlled and operated said automobile and transported said merchandise that a roll of paper fell off said truck and struck said plaintiff in the abdominal region with great force and violence while she was walking along said sidewalk and in the exercise of due care."

One of the defendant's grounds for new trial set out in its motion is as follows: "Second, because the evidence fails to show that the defendant was guilty of the alleged negligence." Relying upon that ground the defendant urged before said justice in support of its motion and has urged here upon its exception to the decision of said justice

that the evidence would not warrant a finding that the fall of the roll of paper which struck the plaintiff was the result of any act of the defendant's servant in managing, controlling or operating said motor truck or in transporting said roll. The defendant does not admit that the evidence showed negligence on its part in loading the truck, but it contends that if there was any evidence tending to show a lack of care on its part it was in the manner of loading said truck and not in the manner of transporting said roll of paper as is alleged in the declaration. We cannot sustain this position of the defendant. If it might properly be found that there was a lack of care in loading said truck at the defendant's warehouse, such negligence would not be the proximate cause of the plaintiff's injuries. The defendant's negligence towards the plaintiff, if it was guilty of any, was in carrying the said roll of paper along the public streets and particularly across the sidewalk in front of the plaintiff so insecurely placed upon the truck that it was likely at any time to fall therefrom. If the jury might properly find the defendant negligent in this regard then the evidence may be regarded as tending to support the allegations of the declaration that "the defendant, its agents, and servants so carelessly and negligently transported said merchandise that a roll of paper fell off said truck and struck said plaintiff." The defendant did not by demurrer or otherwise before trial object to the allegations of the declaration for uncertainty and if there is indefiniteness in the allegations of negligence such defect would be cured by the verdict. We think however as the merchandise on the truck was in the exclusive control of the defendant and the manner in which it was being transported was within the knowledge of the defendant but unknown to the plaintiff and as the accident is one that does not ordinarily happen when due care is used the plaintiff in setting out the circumstances and the happening of the accident has stated a case with reasonable certainty.

We would not disturb the jury's verdict, approved by said justice, if the amount of the damages awarded appeared

to us to be just. ` Upon an examination of the evidence we think said justice was warranted in his decision that the damages awarded to the plaintiff were excessive.

It appears that several months after the accident the plaintiff was operated upon surgically to correct conditions existing in her organs of reproduction. As to whether or not such conditions resulted from the accident the testimony of the expert medical witnesses is conflicting. There was evidence from which the jury might find, as appears to be the opinion of said justice, that although said condition existed in some degree `before the accident her injuries arising from the accident aggravated that condition and rendered the operation necessary. On the basis of that conclusion damages may be awarded to the plaintiff fairly. After deliberation we are of the opinion however that even the amount of damages fixed upon by said justice in his decision is largely in excess of what would be liberal compensation for the injuries received by the plaintiff and the pain and suffering to which she was subjected as a result of the accident. We have fixed upon four thousand dollars as a just amount.

The plaintiff's exception is overruled. The defendant's exception to the decision of said justice upon the motion for new trial is sustained. The other exceptions of the defendant are overruled. The case is remitted to the Superior Court for a new trial unless on or before April 18, 1922, the plaintiff files in the office of the clerk of the Superior Court for the counties of Providence and Bristol a remittitur of all of said verdict in excess of four thousand dollars. If such remittitur is filed, the Superior Court is directed to enter judgment for the plaintiff in the sum of four thousand dollars.

*Sol. S. Bromson, James J. Nolan,* for plaintiff.

*Ralph T. Barnefield, Pirce & Sherwood, Sidney Clifford,* for defendant.