[No. 23618. Department Two. February 5, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER EVERSON, *Appellant*.[1]

*O. M. Nelson* and *Geo. D. Abel*, for appellant.

*Paul O. Manley* and *C. Oscar Kalenius*, for respondent.

MAIN, J.—The defendant was charged by information with the crime of manslaughter, in that, while driving an automobile and under the influence of intoxicating liquor, and proceeding at an unlawful rate of speed and on the wrong side of the road, he ran over and killed one George Boulden. The trial was to the court and a jury, and resulted in a verdict of guilty. Motions in arrest of judgment and for new trial were made and overruled, and from the judgment and sentence the defendant appeals.

The facts, as the jury had a right to find them, may be briefly summarized as follows: George Boulden, the deceased, at about ten o'clock p. m., was walking along the left-hand side of a graveled highway, and was carrying a walking stick. A Ford sedan was driven along this side of the highway at a high rate

[1]Reported in 7 P. (2d) 603.

of speed, and immediately after it passed, the deceased was found unconscious by the side of the road. The appellant was found by a deputy sheriff shortly afterwards, a few miles farther along the same road, in a drunken condition in his Ford sedan, and the walking stick of deceased was then hanging from underneath his car, with one end hooked on to the car underneath and near the left front fender and the other end hanging down toward the ground at an angle. The lower end of the stick was not, at that time, touching the ground, but was close to it. The walking stick was identified as that of the deceased.

The stick was introduced in evidence, and was in the jury room during the time that the jurors were deliberating upon their verdict. While the stick was being examined by the jurors for the purpose of determining whether the grain of the wood in one end thereof was bent over, which would indicate that it had been rubbing in the gravel, and for the purpose of determining whether there was gravel in the end of the stick, one of the jurors produced a magnifying glass which had not been introduced in evidence, and some, or all, of the jurors, by the aid of this glass, examined the end of the walking stick.

The appellant in his brief makes a number of assignments of error, and then says that they will all be argued under one head, because they

" . . . involve one question, to-wit: the question of misconduct of the jury in using and experimenting with a powerful magnifying glass in the jury room without the consent of the court, and without the knowledge or consent of the plaintiff or defendant, and particularly without the consent or knowledge of the defendant himself."

The question then is whether the fact that some, or all, of the jurors examined the end of the

walking stick with a magnifying glass, which had not been introduced in evidence, was misconduct for which a new trial should be granted.

In *State v. Baker,* 67 Wash. 595, 122 Pac. 335, it was held that, in a prosecution for a violation of the local option law, it was not misconduct on the part of the jury, where the issue was as to the intoxicating character of the liquors, for the jurors to smell and taste the contents of samples which had been received in evidence and taken into the jury room. There is some analogy between that case and the one here presented. There, the jurors smelled and tasted the liquor which had been introduced in evidence; here, they used a magnifying glass to examine the end of a walking stick which had been introduced in evidence.

In *State v. Burke,* 124 Wash. 632, 215 Pac. 31, there was quoted with approval an excerpt from 16 R. C. L. 299, as follows:

"If the effect of such an experiment is to put the jury in possession of evidence which should have been but was not offered on the trial, it is not permissible, but if the experiment involves merely a more critical examination of an exhibit than had been made of it in the court, there is no ground of objection. Where, in a criminal case, experiments by the jurors are made during their deliberations to ascertain facts material to the case, but not included in the evidence, this, in general, constitutes such misconduct as will vitiate their verdict."

It will be observed that the rule there stated is to the effect that, if the experiment, or what the jury has done, has the effect of putting them in possession of material facts which should have been supported by evidence upon the trial, but which was not offered, this generally constitutes such misconduct as will vitiate the verdict. But if the experiment involves merely a more critical examination of an exhibit than

had been made of it in the court, there is no ground of objection.

The present case falls clearly within the latter part of the rule. The walking stick was introduced in evidence, and the jury merely more critically examined it by the aid of a magnifying glass. This did not put them in possession of material facts which were not already in evidence. It is doubtless true that, if the jurors had not used the magnifying glass, some of them at least would have had occasion to use their reading glasses while examining the end of the stick, and no one would contend that this would be improper. In using a magnifying glass rather than a reading glass, the only difference would be the greater magnifying power of the former.

The authorities cited by the appellant fall within the first part of the rule stated and are not applicable to the present situation. We see no reason for disturbing the verdict of the jury upon the ground complained of.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, HOLCOMB, and MILLARD, JJ., concur.