Maxwell, J.
Action by Frank D. and Ella M. Snook, husband *357 and wife, against appellant, to recover for personal injuries alleged to have been sustained by thé wife, through falling into a trench which had been excavated in one of the streets of appellant.
Negligence upon the part of appellant was alleged, in failing to maintain and keep guards, barriers or lights along said trench.
At the conclusion of plaintiff’s testimony, defendant moved a nonsuit which was denied, which ruling is assigned as error, as also, the refusal of the court at the conclusion of all the evidence, to instruct the jury to find for the defendant.
The motion for nonsuit and request for a peremptory charge to find for the defendant, were predicated upon the alleged contributory negligence of plaintiff.
We cannot say, from a very careful examination of the’ testimony, as shown by the record, and the facts and circumstances as exhibited therein, that there was no room for an honest difference of opinion as to contributory negligence upon the part of plaintiff.
The case presented by the record is not within the rules announced by the supreme court and this court, warranting a nonsuit or an instruction to find for defendant. — R. R. Co. v. Holmes, 5 Colo. 197-205; Lord v. Smelting & Refining Co., 12 Colo. 390-393; Mau v. Morse, 3 Colo. App. 359-362; Griffith v. Denver Tramway Co., 14 Colo. App. 504-511; Allen v. Florence & Cripple Creek Ry. Co., 15 Colo. App. 213-218.
There was no error in overruling the motion for a nonsuit or refusing to give a peremptory charge to the jury to return a verdict in favor of defendant.
Over the objection of defendant, Mrs. Snook was allowed to testify to a miscarriage, as one of the results of the accident, and upon this point, at the *358 request of plaintiff, the court instructed the jury: -
“If you find from the evidence that plaintiff, Ella M.- Snook, has suffered a miscarriage as the result of her injury, you will allow such compensation for such injury as to you seems just and equitable.”-
Objection is made to the above testimony and instruction upon the ground that the complaint did not plead'a miscarriage, and for that reason the testimony was inadmissible, and the' instruction erroneous in allowing compensation therefor.
The complaint,' after setting forth in detail the circumstances of the accident, continues:
‘ ‘And then and there- was grievously bruised, maimed, hurt and injured internally and externally, in and about the head, hips and various other portions of the body; that by virtue of said injuries said plaintiff was confined to her bed and under a doctor’s care for a long time thereafter, to wit, from the time of said injury up to and about the 20th day of July, A. D. 1899; that during a greater portion of said, time plaintiff was unable to do or care for herself; that the body and limbs of the said plaintiff were greatly hurt, bruised and injured, and she was made thereby sick, sore and lame, and the plaintiff is informed and believes and charges the fact to be that said injuries are of such a nature that she may not recover therefrom for a long time, and possibly not during her term of life.”
Then follow allegations to the effect that, as .the result and in consequence -of said fall and injury, plaintiffs were compelled to pay, lay out, and expend large amounts of money for nurses, medical attendance,-medicines, etc., and then: “That the plaintiffs by reason of said fall and injuries to said Ella M. Snook, as above set forth, and the said special dam *359 ages above mentioned, are damaged to the amount of two thousand dollars.”
The only special damages alleged are the disbursements above referred to.
Damages which are caused by or are the result of the peculiar condition, situation or circumstances of the party, and are not the natural and uniform effects of the injury itself, are special, and must be pleaded.
In The City of Pueblo v. Griffin, 10 Colo. 366, 367, our supreme court said:
“The distinction between general and special damages is well understood in legal practice, and has frequently been defined by this court, as well as the pleadings applicable to the two classes of damages. The object of pleading being to apprise the opposite party of the nature of the claim or defense against him, as well as its extent, it is uniformly held that a statement of the injuries, with an averment of a sum as the damage, will authorize the recovery of such damages only as naturally and ordinarily follow from such injuries; but if from any peculiarity in the circumstances or situation of the injured party other loss accrued to him thereby, such peculiarity must be alleged and proven, to justify the recovery of such damages.”
And in Tucker v. Parks, 7 Colo. 62-69:
“When it is sought to recover such damages'as are not the usual and natural consequences of the wrongful act complained of, the rule is that they must be specifically set forth, that the defendant may have notice of the facts out of which they are claimed to have arisen, and that he may not be taken by surprise on the trial.
Pregnancy is not the usual and natural condition of women. It is an unusual and peculiar condition or state of health. A miscarriage can only result *360 from an injury to a woman when in this unusual and peculiar condition, and when relied upon to increase the damages claimed, must be pleaded.
The only authority cited, opposed to the above doctrine, is Tobin v. Fairport, 12 N. Y. Sup. 224, a ruling by the judge of the circuit court of Monroe county upon a motion for a new trial.
The reasoning of the learned judge, in the case cited, is not at all convincing, and we are not inclined to be controlled thereby, in face of the cogent expressions of our supreme court above quoted.
No authority other than the Tobin case, supra, has been cited, and an exhaustive examination has failed to discover one, in which the point under discussion has been expressly ruled.
However, in a great many of the cases examined, it appears that the pregnancy of plaintiff and the resultant miscarriage, were alleged in the complaint, which would indicate that such allegation was deemed necessary.
The admission of the testimony objected to, and the giving of the instruction above quoted, were errors, which will necessitate a reversal of this judgment. • Reversed.