329, 60 N. Y. Supp. 736), and it might be to the interest of a dishonest contractor to conceal such fact. The subcontractor's claim against the contractor rests upon their contract. His claim against the owner is perforce of his right to garnish or to attach the amount due from the owner to the contractor and to proceed to foreclosure. He seeks foreclosure against the owner, and but a personal judgment for deficiency against the contractor. If the contractor and the owner were united in interest, they must be made parties. Section 448, Code Civ. Proc. But section 3402 of the Code does not enumerate the contractor as such a party. He is not such an one. Phillips on Mechanics' Liens, § 397. There was no unity of interest. See Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, 36 Am. St. Rep. 661; Smith v. Gault, 5 Month. Law Bulletin, 54; Henry v. Lynch (Com. Pl.) 1 N. Y. Supp. 780; Moore v. McLaughlin, 11 App. Div. 478, 42 N. Y. Supp. 256.

I am of opinion, then, that the service of the summons and complaint on the contractor was not a commencement of the action against the owner. As the plaintiff did not begin his action of foreclosure, or secure an order to continue it, within one year from the time of filing his lien, the lien was discharged. Albro v. Blume, 5 App. Div. 309, 39 N. Y. Supp. 215. Section 18 of the mechanic's lien law is self-operative (In the Matter of Rudiger, 118 App. Div. 86, 102 N. Y. Supp. 1053), and hence no order of the court was required as to the lien. I think, however, that the court could and should have directed that the notice of lis pendens should be canceled. Section 1674, Code Civ. Proc.

The order should be modified accordingly, and, as so modified, affirmed, without costs. All concur.

---

DEVINE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. DAMAGES (§ 168*)—PERSONAL INJURIES—ADMISSIBILITY OF EVIDENCE.
> On an issue of damages for personal injury, it was competent to show that plaintiff's capacity to conceive would continue, but she would continually suffer from miscarriages.
> [Ed. Note.—For other cases, see Damages, Dec. Dig. § 168.*]

2. DAMAGES (§ 36*)—INJURIES CAUSING MISCARRIAGES—ELEMENTS OF DAMAGE —LOSS OF FUTURE OFFSPRING.
> Evidence that, as a result of her injury, plaintiff would be subject to miscarriages, could not be used as a basis of damages for pecuniary loss resulting from deprivation of future offspring, though it could be used as a basis for damages for pain and suffering.
> [Ed. Note.—For other cases, see Damages, Dec. Dig. § 36.*]

3. TRIAL (§ 255*)—INSTRUCTION AS TO EFFECT OF EVIDENCE—NECESSITY FOR REQUEST.
> If counsel for a defendant fear that evidence properly in the case as to damages for pain and suffering alone may be used by the jury to speculate as to plaintiff's pecuniary loss, he should request a charge that such damages were not allowable.
> [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. DAMAGES (§ 216*)—PERSONAL INJURIES—TRIAL—INSTRUCTIONS.

To charge, in an action for damages for personal injuries, that plaintiff is entitled to recover "for the deprivation of her natural powers," is strictly correct, even if limited to a particular delicate meaning, and does not intimate that damages may be given for pecuniary loss by being deprived of future children.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 216.*]

5. EVIDENCE (§ 528*)—OPINION EVIDENCE—EXAMINATION OF EXPERT—QUESTION AS TO PERSONAL INJURY.

In examining a witness as to injury to a woman whose womb was claimed to be retroverted and its ligaments greatly weakened, for the purpose of showing the degree of injury, a question as to what effect the injury had on her capacity to bear children was proper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2337; Dec. Dig. § 528.*]

Jenks and Miller, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Elizabeth Devine against the Brooklyn Heights Railroad Company for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.
John F. Carew, for respondent.

GAYNOR, J. The evidence, regardless of the question by which it came in, or of whether it cropped out, was competent on the question of damages, viz., that the plaintiff's capacity to conceive would continue, but she would continually suffer the discomfort and pain of miscarriages. A motion to strike it out would have been properly denied. To say, therefore, that "the allowance of the question was error" is only to deal with a technicality for its own sake. It is true that the evidence could not be used as a basis for damages for pecuniary loss resulting from deprivation of future offspring (Butler v. Manhattan Railway Co., 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738), but it could be used as a basis for damages for pain and suffering, and was therefore material and relevant. If the defendant's counsel feared that the jury might also make use of it to speculate as to how much pecuniary loss the plaintiff would suffer by having no more children to grow up and support and enrich her (after the manner in actions by next of kin for deaths by negligence), it was for him to request the trial judge to charge the jury that such damages were not allowable. As it is, the evidence was properly in the case, and there is nothing to indicate that it was used as a basis for such unlawful damage. It will not do to distort the charge of the trial judge on that head (to which there was no exception), viz., that the plaintiff was "entitled to recover reasonable compensation for her pain and suffering, for the deprivation of her natural powers, for the loss of health which is due to this accident, if it is due to it." To say she was entitled to damage "for the deprivation of her natural powers" was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

strictly correct, even if limited to a particular delicate meaning, which was not the case. That is true in the case of man or woman. But that is far from even intimating that damages may be given for pecuniary loss resulting from deprivation of future children. Nowhere in the case is there any intimation of a notion, much less of a claim, that such damages were allowable. Nor was there any claim on the argument, nor is there any in the brief for the appellant, that such damages were allowed. The only point made on the admission of the evidence in question is that it was "incompetent, immaterial and irrelevant, for the reason that it was not shown to be due to the accident, and as not pleaded." That it was used as a basis for unlawful damages is not claimed. The learned counsel for the defendant could not bring himself to go that far. Finally, it may be worth while to point out that the question itself was proper, viz., "What effect does it" (the injury) "have on her capacity to bear children?" It was just as proper as to ask what effect an injury has on the function, use or capacity of the arm, leg or stomach. The capacity may be made laborious, or painful, or destroyed. The degree of injury is competent to be shown. If the plaintiff were still able to conceive and bear children with regularity and certainty that would be evidence that her womb was not much injured or weakened, and that she could not do so would be evidence —strong corroborative evidence—that the physical condition testified to actually existed, viz., that the womb was retroverted and its ligaments greatly weakened.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except JENKS and MILLER, JJ., who dissent.

JENKS, J. I dissent. A physician called by the plaintiff, after testifying that the probable effect of such an accident was retroversion of the plaintiff's womb, was asked: "Q. What effect does it have on her capacity to bear children?" This was objected to, but under exception the witness was permitted to answer: "She cannot bear children. She may conceive, but she will abort." I think the allowance of this question was error. Witrak v. Nassau Electric R. R. Co., 52 App. Div. 234, 236, 65 N. Y. Supp. 257; Butler v. Manhattan R. Co., 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738.

As I read the prevailing opinion, this error is held not reversible, because the testimony thus elicited could be used as a basis for damages for the pain and suffering. But in the first place there is no testimony in the case that conception and abortion would result in any greater pain and suffering than conception and delivery; and in the second place the testimony was not elicited as evidence of pain or suffering, nor did it crop out in answer to any inquiry upon that subject, but it was given in direct response to a question which was limited to the plaintiff's capacity to bear children. And even if it were proper to have elicited such testimony as relevant to pain and suffering, that does not cure the error which permitted a direct answer, strictly responsive to a question which was confined to an improper element of damages. The defendant was not bound to ask the court to limit this

testimony thus elicited to the question of pain and suffering, under penalty of losing the benefit of its exception; but it was rather the duty of the plaintiff to thus limit such testimony.  While it is true, as written in the prevailing opinion, that the only point made on the printed brief as to the admission of this testimony is that it was "incompetent, immaterial, and irrelevant," examination of the record shows that the objection taken to the question was that it was "incompetent, immaterial, irrelevant, as not pleaded, as speculative, and too indefinite."  Now in Witrak v. Nassau Electric R. R. Co., 52 App. Div., at page 236, 65 N. Y. Supp., at page 258, Willard Bartlett, J., speaking for this court, said of such testimony: "The injury is too remote and speculative."

I think that the defendant did not lose the benefit of its exception because it did not request the court for instruction that such damages were not allowable.  The charge dealt both with the case of the husband and of the wife.  The court specifically charged that the husband was not entitled to recover because of any incapacity of his wife to bear children; but when it came to charge the jury as to the damages recoverable by the wife, it made no mention of this element of damages at all, but after discussion of the facts, it said that she was entitled to recover reasonable compensation for "her pain and suffering, for the deprivation of her natural powers, for the loss of health which is due to this accident, if it is due to it."  Thus not only was the plaintiff permitted to ask a question which directly and only introduced an improper element of damage into the case, but the instruction that this was an improper element of damage was confined to the case of the husband alone, no such limitation was made as to the case of the wife, and the court used an expression which was broad enough to include her incapacity to bear children.

MILLER, J., concurs.