UNION INDEMNITY COMPANY, a corporation, *Petitioner*, vs. STEPHEN A. VETTER, *Respondent*.

143 So. 869.

Division B.

Opinion filed September 28, 1932.

Petition for rehearing denied November 7, 1932.

*Miller, McKay, Dixon & DeJarnette,* for Petitioner;
*Robert J. Boone,* for Respondent.

DAVIS, J.—Certiorari was allowed in this case to determine the question whether or not the Circuit Court of Dade County proceeded in accordance with the essential requirements of law when it entered an order affirming a judgment of the Civil Court of Record of Dade County and issued a mandate thereon. It appeared that Judges Atkinson and Thompson had concurred in an opinion for affirmance, whereas Judges Barns and Trammell had concurred in an opinion for reversal of the judgment of the Civil Court of Record to which a writ of error had been taken under the applicable statute.*

While the *opinion* of the four Circuit Judges who participated in the decision of the appeal was divided, one Judge concurring in the opinion of Judge Atkinson for affirmance, with Judge Barns expressing an opinion to the contrary which was concurred in by Judge Trammell, it nevertheless appears from the transcript that the Court's *mandate* on the judgment of affirmance was issued in the name and by the authority of all four of the Circuit Judges of the Eleventh Judicial Circuit.

That being the case, the judgment of the Civil Court of Record appears to have been affirmed by the *judgment* of all four Circuit Judges, although two of them expressed the *opinion* that the judgment should have been one of reversal instead of one of affirmance. Even if the

---

*Chapter 15666, Acts of 1931; Sections 5168(1)-5168(12) C. G. L. 1932 Supplement.

two Circuit Judges who dissented from the *opinion* of Judge Atkinson caused an equal division of the Judges of the Circuit Court as to their collective *opinion* as an appellate court, it nevertheless appears that the *mandate* which is the evidence of the Court's *judgment,* was issued in the name of all four of the participating Circuit Judges, and presumably therefore by authority of all four of them, hence the equal division in *opinion* became immaterial, the *judgment* being unanimous.

Under the ancient practice of appellate courts (which is still the practice in England today) each of the appellate judges expressed his own individual *opinion* about the case, although the *judgment* on the appeal was entered pursuant to the conclusions of the majority of the court as to whether the judgment should be affirmed or reversed. In modern practice in the American Appellate courts, it is usual for the majority group to select one of their number to express the views of the majority, while the minority group selects one of its number to express the views of the minority. This method of disposition not only saves time but saves much unnecessary printing in the official reports of opinions. But whatever may be the *opinions* expressed by an appellate court's members, individually or collectively, the judgment entered is the vital thing, and is the only thing that can be reached and quashed by a writ of certiorari. In cases like this, the court's *opinion* is not even a part of the record in the cause, unless made so by order of the appellate court to be considered in connection with the judgment, or to accompany the mandate as a direction to the lower court as a guide for further proceedings by it.

It follows therefore that in the case at bar the contention that the judgment of affirmance is not the judgment of a majority of the Circuit Judges of the Dade County Circuit Court cannot be sustained.

The suit in the Civil Court of Record was on a construction bond.* The construction contained severable and distinct stipulations performable at different times. A cause of action accrued on each particular breach of the contract and consequently also on each particular breach of the bond, until the full penalty of the bond had been reached. It was therefore permissible to sue on the bond on each separate cause of action which accrued, it not appearing that the penalty of the bond would be exceeded by any recovery thus sought. This is the effect of our recent rulings in Barry v. Columbia Casualty Co., 101 Fla. 168, 133 Sou. Rep. 852; Johnson Electric Co. v. Columbia Casualty Co., 101 Fla. 186, 133 Sou. Rep. 850; Royal Indemnity Co. vs. Knott, 101 Fla. 1495, 136 Sou. Rep. 474, 479; Tapping v. McIntosh, 104 Fla. 715, 140 Sou. Rep. 773. In view of the nature of the construction contract, and the condition of the bond to protect against "any" pecuniary loss, the cited case of New England Equitable Ins. Co. vs. Baldrick, 192 Iowa 763, 185 N. E. 468, is not applicable to this case.

The same identical bond and contract that is involved in this case appears to have been under consideration by the Circuit Court of Appeals of the Fifth Circuit in Union Indemnity Co. vs. Better, 40 Fed. (2nd) 606.

The opinion of Judge Atkinson in the Court below refers to this Federal Court decision as the basis for his view that many of the points of law referred to in the assignment of error filed in this case in the Circuit Court had already been settled adverse to the contentions of plaintiff in error. We concur in the view expressed by Judge Atkinson on this point and also in the view em-

---

*The condition of the bond was: "Now, therefore, . . . . if the principal shall well and truly indemnify and save harmless the said obligee from any pecuniary loss resulting from the breach of *any* of the terms, covenants and conditions of the said contract on the part of the said principal to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law . . . . " (Emphasis supplied).

phasized by him that in the absence of a bill of exceptions, it must be assumed that the evidence adduced supported the directed verdict.

It has not been made to appear here that the Circuit Court in affirming the judgment of the Civil Court of Record of Dade County proceeded outside the essential requirements of the law, and so holding we must quash the writ of certiorari directed to the judgment of affirmance.

Writ of certiorari quashed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.