99 So.2d 257 (1957)
Christine EPHREM, Appellant,
v.
Frances PHILLIPS, Appellee.
No. A-10.
District Court of Appeal of Florida. First District.
October 22, 1957.
Rehearing Denied November 19, 1957.
*259 John M. McNatt, Jacksonville, for appellant.
Clarence M. Wood, Howell & Kirby, and T. Malcolm Kirby, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellee as plaintiff in the trial court sued for damages resulting from injuries sustained by her in an automobile collision. Liability was admitted and the cause was tried solely on the issue of damages. Judgment for plaintiff was entere on the jury's verdict. Upon denial of defendant's motion for new trial, this appeal was taken.
Appellant assigns as error the court's admission, in the absence of special allegations in the pleadings, of evidence that plaintiff suffered a miscarriage or abortion subsequent to the collision, and the admission of testimony by plaintiff's doctor, alleged to be speculative, to establish a causal connection between the abortion and the injuries received.
The complaint was in the usual form and generally alleged that as a result of defendant's negligence plaintiff was painfully, seriously and permanently injured, bruised and lacerated in and throughout her head, body and limbs by reason whereof plaintiff has and will continue to suffer. No specific allegations as to plaintiff's pregnancy or subsequent abortion appear in the complaint.
The defense interposed consisted of one typewritten line which reads: "Answering the complaint herein, the defendant denies the alleged consequences of the alleged negligence."
Extensive pre-trial discovery procedures were employed by each of the parties. Both sides propounded interrogatories and numerous depositions were taken. Or defendant's motion and in pursuance of the court's order, plaintiff submitted to examination by a court appointed doctor in order that her physical condition and the nature and extent of her alleged injuries might be inquired into and information gained thereon by defendant in advance of the trial. The discovery proceedings clearly reveal the plaintiff's claim was, in part, for pain and suffering experienced as a result of an abortion, and for medical expenses incident thereto. Plaintiff's doctors were thoroughly interrogated regarding this phase of the case and all relevant facts were fully explored by defendant's counsel.
At the trial plaintiff offered evidence of the abortion and the resulting pain and suffering. This evidence was vigorously objected to by the defendant on the ground that no issue was framed by the pleadings in proof on which the questioned evidence was admissible All such objections were overruled by the court.
It is appellant's contention that a claim for damages resulting from an abortion or miscarriage growing out of injuries sustained by the plaintiff is an item of special damages which, as such, must be specifically alleged in the complaint as required by rule 1.9(g) of the Florida Rules of Civil Procedure, 30 F.S.A. If appellant's *260 contention is correct as a matter of law, she must prevail here.
In support of her position appellant refers to the rule, well settled in this jurisdiction, that damages for such special losses or injuries as do not naturally or ordinarily result from the negligence alleged may be shown only when the defendant has been advised of them by special allegations in the complaint.[1] Decisions from other jurisdictions which are cited by appellant adhere to the doctrine that a claim for damages resulting from an abortion arising out of injuries occasioned by the negligent act of another is an item of special damages which must be alleged in the complaint to permit recovery.[2] This rule is founded upon the theory that pregnancy is not the usual and natural condition of woman and, therefore, if a claim for damages is predicated upon pain and suffering due to an abortion caused by the negligent act alleged, such claim must be specifically pleaded so the defendant will not be taken by surprise at the trial and thereby denied the opportunity to fully defend.
In the case now before this court it is not asserted, nor could it be, that the defendant was taken by surprise when plaintiff sought to introduce evidence relating to her abortion and the attendant expense, pain and suffering. The record reveals that defendant's counsel was fully informed of this intended claim and all facts which would be offered to support it. Moreover, the very able cross-examination of the expert witness on behalf of plaintiff by the astute counsel for the defense clearly shows that he not only expected such proof to be offered, but was fully prepared to meet it.
The means of learning all facts bearing upon or relating to a claim for damages resulting from injuries derived from the alleged negligence of another are afforded in ample measure by the discovery procedures in force in this jurisdiction. We see no reason for a defendant in a personal injury action to be surprised at trial by proofs adduced by the plaintiff as to the injuries sustained or the pain and suffering resulting therefrom. Should a defendant through no lack of diligence on his part find himself genuinely surprised and prejudiced by plaintiff's proof, he has adequate remedy in a motion to suspend or for a new trial grounded on surprise.
We cannot subscribe to the view that pregnancy is necessarily an unnatural or unusual condition in the average married female. There is no greater reason to assume that a married woman with normal powers of conception would not be expectant at the time of any accident in which she might be involved than there is to assume she would suffer no injuries as a result of such an accident. The evidence in the instant case clearly reveals that the abortion suffered by appellee resulted in the loss of a previable fetus of which she was pregnant at the time of the collision on which she seeks recovery. There is no claim made for damages which may have been sustained by reason of loss of the child which might have been born had not the pregnancy been disturbed. The claim for which damages were sought was restricted to the pain and anguish suffered by plaintiff as a result of injuries she received, and for expenses incurred by reason of such injuries. The pain and discomfort arising from the abortion constitute but a part of the damages claimed and for which recovery was sought.
Within the allegations of the complaint it is clear that plaintiff might show any change in her physical condition due to the injuries sustained, and such was the abortion. Where only such damages as *261 may be reasonably expected to follow an injury are claimed, no allegation of special damages is required.[3] In personal injury actions proof that the plaintiff's pain and suffering resulted in and were aggravated by an abortion is clearly admissible. So far as the abortion augments the physical injury, pain or suffering, then so far is it proper to be considered on the question of damages.[4]
For the foregoing reasons we hold that a claim based upon pain and anguish, suffered as a consequence of injuries sustained from the negligent act of another, is not an item of special damages merely because such pain and anguish resulted in and was aggravated by an abortion.
The remaining assignment of error challenges the trial court's ruling which permitted the jury to consider testimony offered by plaintiff's doctor establishing a causal connection between plaintiff's injuries and her subsequent abortion. He was duly qualified as an expert witness and his testimony evidences complete familiarity with the history of plaintiff's injuries and treatment and the abortion which she experienced. On direct examination he was asked whether in his opinion, based upon the facts in evidence, the probabilities were that plaintiff's injuries and the resultant medical treatment caused the miscarriage or abortion to which he replied, "Yes, sir." On cross-examination the doctor conceded that it is still medically impossible to ascertain or determine absolutely the exact causes of abortions or miscarriages. Following this statement the doctor was informed by defendant's counsel, in the form of a question, that in view of his last answer he was "speculating" when he expressed an opinion that plaintiff's injuries and treatment caused her to abort. Again the doctor replied, "Yes, sir". For emphasis counsel immediately charged, again in the form of a question, that the doctor admitted he was "speculating", and the doctor agreed. Later however, during the same cross-examination, the doctor was asked whether he was willing to swear that plaintiff's abortion was in his opinion caused by injuries received in the collision, in response to which he testified: "I do."
Appellant insists that the foregoing shows that the opinion expressed by plaintiff's doctor was based upon pure speculation, and, therefore, not admissible in evidence under the rule well settled in this jurisdiction that speculation cannot supplant proof, and that a verdict based upon such evidence cannot stand.[5]
It seems quite clear from a reading of the doctor's sworn testimony that he was merely recognizing the fallibility of informed medical opinion. It is equally obvious that he considered "speculating" and "incapable of absolute proof" as synonymous. By skillful cross-examination such discrepancy between the witness' intended meaning and the dictionary definition of a word is often made to appear, but this does not justify permitting the suit to devolve into a battle of semantics:[6] "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal."[7] The single admission in this case that the doctor's opinion concerning the connection between plaintiff's injuries and her abortion was speculative does give color to appellant's contention. Under the circumstances, however, it does not warrant acquiescence in that contention. The doctor's *262 testimony, when considered in its entirety, clearly reveals that it was his best medical opinion, based upon his knowledge of plaintiff's case history, that a direct causal relationship existed between plaintiff's injuries and subsequent abortion. Therefore, the trial court properly permitted such testimony to go to the jury.[8]
For the reasons set forth above it has not been made to appear that the trial court erred in the particulars assigned by the appellant. It is therefore ordered that the judgment appealed must be and the same is hereby affirmed.
STURGIS, C.J., and TAYLOR, A.J., concur.
STURGIS, Chief Judge (concurring specially).
In view of the extensive pre-trial discovery procedures in this cause, the conclusion is inescapable (1) that defendant was fully apprised of plaintiff's claim to having suffered an abortion as a proximate result of defendant's negligence, (2) that plaintiff intended to claim damages in that behalf, (3) that defendant had ample time in advance of trial to fully prepare to meet the proofs, (4) that plaintiff's proofs in support of damages resulting from the abortion were confined to the related pain and medical expenses, and did not embrace loss of the fetus, and (5) such damages are no different from those connected with other bodily injuries. It is by the sum of these facts that I am persuaded no harmful error exists and to concur in the result on this appeal.
I wish to emphasize, however, that in my opinion the result so reached is in the light of facts producing a reasonable and proper exception to what I take to be the prevailing and sound line of authority holding that an abortion must be specially pleaded if the claim for damages is in any manner dependent thereon or related thereto. Both the letter and the spirit of Rule 1.9(g), Florida Rules of Civil Procedure, 30 F.S.A., compel this conclusion.
It is axiomatic that an alert and expert attorney will exhaust the benefits of pre-trial discovery procedures; but in many cases there are factors which may make it impractical, impossible, of no benefit, or quite detrimental to pursue them. For example, the careful attorney will in many instances avoid them when he is satisfied that the claim is manufactured and does not wish to groove adverse witnesses in their testimony, as often results from pre-trial discovery procedures. In any event the litigant should not be penalized for failure of his attorney to follow procedural channels that are not fundamental to the action. The complaint is the capstone upon which the defendant is entitled to rely when determining what disposition he will make of its allegations. It should be definite enough to fairly inform him of the charge and demand. The logic of requiring special damages to be laid in the complaint is crystal clear where, as in the case on appeal, liability is admitted and amount of damages is the sole issue for trial.
I agree with the majority view that it is not an "unnatural" circumstance for the adult female to be pregnant at the time of any particular mischance or accident, but am unable to accept the further premise that pregnancy is such a "usual" condition of the adult female that when she sustains bodily injuries, for which she sues in tort, the presumption arises (1) that she is likely to have been pregnant at the time, and (2) that she is likely to have suffered an abortion in consequence of the accident. The converse is probably true, and the ease with which a jury may be confused in distinguishing between damages of the character in suit and those resulting from loss of the fetus requires *263 that all such be specially pleaded. Failure to do so is excusable only when, as in the case on appeal, attending facts have the same effect as if the rule had been observed.

On Petition for Rehearing
WIGGINTON, Judge.
A petition for rehearing having been filed by appellant the court deems it advisable to make the following comments thereon in order that there will be no confusion or misunderstanding as to the true import of the decision rendered in this case.
The petition charges that by its opinion this court overlooked the principle of law that actions must be tried upon issues made by the pleadings and not upon the knowledge of defense counsel. It asserts that in holding the admission of evidence relating to the abortion was harmless error, this court overlooked the applicable decisions of the Supreme Court of Florida.
We fully agree with petitioner that actions at law must be tried upon issues made by the pleadings.[1] We further agree that if as a matter of law the damage claimed constituted a special damage which is required to be specially pleaded, evidence thereof would have been inadmissible, and its admission over defendant's objection would have been reversible error.[2]
In the opinion under assault it is clearly stated: "* * * we hold that a claim based upon pain and anguish, suffered as a consequence of injuries sustained from the negligent act of another, is not an item of special damages merely because such pain and anguish resulted in and was aggravated by an abortion." The evidence relating to the abortion, and the pain and anguish suffered as a result thereof, came clearly within the issue of damages made by the allegations of the complaint and its admission was not error, harmless or otherwise. Knowledge by defense counsel that such claim was a part of the damage issue and at the trial evidence would be introduced thereon, did not in any manner affect the admissibility of such evidence. Since the opinion holds that the damage claim in question was not a special damage required to be specially pleaded, the legal principles alleged to have been overlooked by the court are not applicable.
We are impelled to observe that the language of the opinion with which the appellant takes issue in this ground of her petition is found only in the special concurring opinion of one member of this court in which it is said that under the facts shown to exist "* * * I am persuaded no harmful error exists and to concur in the result on this appeal," and the further observation that "the ease with which a jury may be confused in distinguishing between damages of the character in suit and those resulting from loss of the fetus requires that all such be specially pleaded. Failure to do so is excusable only when, as in the case on appeal, attending facts have the same effect as if the rule had been observed."
Under the appellate practice existing in this state each judge is privileged to express his own individual views in cases on appeal.[3] With complete deference to the author, such an opinion represents only the personal view of the concurring judge, and does not constitute the law of the case nor the basis of the ultimate decision unless concurred in by a majority of the court.[4] The principles of law propounded in a concurring opinion, if expressly or impliedly *264 in conflict with the principles stated in a majority opinion, form no basis for a valid petition for rehearing.
We have carefully considered the other grounds of the petition for rehearing but find them to be nothing more than a reargument of the same points urged in appellant's brief and on oral presentation before this court. Such grounds fail to set forth any matters not previously considered and disposed of in the Court's opinion. Our holding regarding the character of the expert testimony offered by plaintiff's doctor is not in conflict with the recent decision of the Supreme Court of Florida in Arkin Construction Company v. Simpkins, ___ So.2d ___. In the latter case the expert testimony of the doctor that a causal relationship existed between decedent's injury and his death was held to be of no probative value because there were no facts in the record on which such an opinion could be based. In that case the court said: "There must be some substantial evidence which tends to show, not with certainty but with reasonable probability that the fall either directly caused or set in motion other conditions which caused the heart failure." In the case now before the court there was ample evidence in the record which tends to show, not with certainty but with reasonable probability that the abortion resulted from the bodily injury sustained by the plaintiff in the automobile collision. These facts constituted a proper hypothesis for the testimony of plaintiff's medical expert that in his opinion there was a causal relationship between such injuries and the abortion in question.
It is, therefore, ordered that the petition for rehearing filed herein be and the same is hereby denied.
TAYLOR, HUGH M., A.J., concurring.
STURGIS, C.J., concurring specially.
STURGIS, Chief Judge (concurring specially).
I respectfully adhere to the views expressed in my former opinion. The grounds upon which the petition for rehearing is based are insufficient, however, to warrant reopening the cause, and for that reason I concur in the conclusion that the petition be denied.
NOTES
[1] Warfield v. Hepburn, 62 Fla. 409, 57 So. 618.
[2] Walquist v. Kansas City Rys. Co., 292 Mo. 34, 237 S.W. 493; Town of Florence v. Snook, 20 Colo. App. 356, 78 P. 994; Louisville & N.R. Co. v. Roney, 108 S.W. 343, 32 Ky.Law Rep. 1326.
[3] Tobin v. Village of Fairport, Cir.Ct., 12 N.Y.S. 224.
[4] Witrak v. Nassau Electric R. Co., 52 App.Div. 234, 65 N.Y.S. 257; Devine v. Brooklyn Heights R. Co., 131 App.Div. 142, 115 N.Y.S. 263.
[5] Golden v. Morris, Fla. 1951, 55 So.2d 714; Babcock v. Flowers, 144 Fla. 479, 198 So. 326.
[6] People v. Dunbar Contracting Company, 215 N.Y. 416, 109 N.E. 554.
[7] Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214.
[8] Jacksonville Electric Co. v. Cubbage, 58 Fla. 287, 51 So. 139; cf. Russell v. St. Louis Public Service Co., Mo. 1952, 251 S.W.2d 595.
[1] Atlantic Coast Line Railroad Company v. Campbell, 104 Fla. 274, 139 So. 886.
[2] Malsby v. Gamble, 61 Fla. 310, 54 So. 766; Rentz v. Live Oak Bank, 61 Fla. 403, 55 So. 856; Norwich Union Indemnity Co. v. Willis, 124 Fla. 137, 168 So. 418; Mansfield v. Brigham, 91 Fla. 109, 107 So. 336; Warfield v. Hepburn, 62 Fla. 409, 57 So. 618.
[3] Union Indemnity Company v. Vetter, 107 Fla. 761, 143 So. 869.
[4] Carls Markets, Inc., v. Meyer, Fla. 1953, 69 So.2d 789, 791.