SHANNON, Chief Judge.
The plaintiff below, appellant here, suffered a summary judgment in the court below in a negligence suit.
In his second amended complaint the plaintiff charged that he was an invitee on the premises of the hotel company, for the purpose of making a reservation, and that it was the duty of the defendant, through its employees and agents, to use reasonable and ordinary care and caution in the maintenance of its lobby floor for the protection of invitees upon the premises. He then goes on to allege that at the particular time and place a dangerous condition existed which was “created either by the defendant, or by an unknown person or persons, that said dangerous condition had existed for a long enough period of time that the defendant knew, or by the exercise of reasonable and ordinary care and caution, should have known, of its existence.” He then alleges *233 that the said dangerous condition consisted of a round puddle of water on the lobby floor at or near an exit door, which was well nigh invisible to persons walking over the floor because of lighting conditions and the texture and color of the floor, and that the plaintiff was caused to fall at or near the exit door, and suffered the injuries of which he complains. To this amended complaint the defendant filed an answer in which it denied the negligence complained of and further alleged that the plaintiff was guilty of contributory negligence. The case then came on to be heard on the motion of defendant for summary judgment upon the affidavits and deposition in support thereof and in opposition thereto.
Necessarily, the trial court had to hold, in order for him to grant motion for summary judgment in the case, that there was no evidence that the presence of water on the floor was the result of any act or omission on the part of the hotel operator or its employees, or how long the water had been on the floor or that the hotel operator or its agents or employees knew of its presence, or that it had been on the floor a sufficient length of time to charge the hotel with constructive notice of its existence. Also, he held that there was no evidence from which any inference may be drawn as to how the water got on the floor.
In Food Fair Stores of Fla., Inc. v. Patty, Fla.1959, 109 So.2d 5, 6, Mr. Justice Thornal stated:
“ * * * The established rule in this state is that if the dangerous condition of the floor is created by a servant or agent of the owner, or even if created by an outsider, and the condition is one which has existed for sufficient length of time that the owner should have known of it, then under these circumstances the owner may be held liable for ensuing injuries. Carls Markets, Inc. v. Meyer, Fla.1953, 69 So.2d 789. In the instant situation, however, the record before the trial court as reflected by the opinion of the Court of Appeal fails to show the existence of any of these conditions or the presence of facts from which the jury could reasonably infer the existence of any such conditions. * * *
“ * * * When, as here, there is no conflict over any genuine material issue of fact, is (sic) is appropriate to grant a summary judgment. * * * ”
Other Florida cases of similar import are: Castillo v. Baker’s Shoe Stores, Inc., Fla.App.1959, 115 So.2d 427; Food Fair Stores, Palm Beach, Inc. v. Spinelli, Fla.App.1960, 122 So.2d 41; and Food Fair Stores, Inc. v. Trusell, Fla.1961, 131 So.2d 730.
We have reviewed the action of the trial court and have studied all of the pleadings, including affidavits and depositions. Ordinarily, a motion for summary judgment in a negligence case, such as this, is denied, yet in the state of the record as it appears in the present case, we will have to affirm the lower court.
Affirmed.
ALLEN and KANNER, JJ., concur.