PER CURIAM.
The trial court entered summary final judgment for the defendant in an order which, quoted below in pertinent part, sets forth the basis for its decision.
“The within case involves a claim of negligence by the Defendant Hotel for failure to comply with H.R.S. regulations concerning the supervision of its pool as well as breach of a common law duty of reasonable care. The Plaintiff was pulled from the bottom of the Defendant’s pool and alleges damages resulted from the Defendant[’]s failure to have a professional lifeguard assigned to supervise the pool although there were pool attendants around who divided their time between supervision and other duties unrelated thereto such as chaise lounges, towels, etc.
“The Court is aware of Hemispheres Condominium Assoc. Inc., v. Corbin, *17 357 So.2d 1074 (Fla. 3rd DCA, 1978) which if applicable, is dispositive of the within Motion. The negligence allegations in that case and this case are clones of each other. The dissimilarity between Hemispheres and the within case is that Hemispheres involved a Condominium Association, as opposed to a commercial enterprise such as a Hotel. The Court, in ordering a Judgment be entered for the Defendant in that case, spoke of a ‘private pool’ and carefully distinguished its holding from a ‘place providing public entertainment or amusement for profit.’ supra page 1076.
“The issue is whether that dissimilarity is a true basis for distinguishing the cases, or simply a distinction without a difference.
“The Court notes that the H.R.S. regulations in question are applicable to both Hotels and Condominiums (see Rule 10D-5.51 effective January 1, 1977 — pri- or to the Hemispheres decision). Thus, H.R.S. makes no distinction between the two. This is probably properly so, since both have limited access to tenants/owners and Hotel tenants/guests.
“The Law has always made a distinction between areas of limited access (stores, hotels, shops) and general access (public pools, race tracks, amusement centers). Thus, see the difference in the duty owed in Food Fair Stores of Florida, Inc., v. Patty, 109 So.2d 5 (Fla.1959) and Gwong v. Tampa Hotels, Inc., 132 So.2d 232 (Fla. 2nd DCA 1961) versus Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720 (1948) and Walt Disney World Co. v. Marietta Goode, [501] So.2d [622] (Fla. 5th DCA, 1986).
“Based upon the above, the Court finds there is no genuine issue of material fact on which a jury could base a decision of a lack of reasonable care on the Hotel’s part that was the proximate cause of the Plaintiff’s injuries, other than pure speculation and conjecture; this is not permitted. See Ephrem v. Phillips, 99 So.2d 257 (Fla. 1st DCA 1957)....”
The summary final judgment is
Affirmed.