GROSS, J.
The narrow issue in this case is whether, in an action brought by an employer against an insurance agent for the breach of a contract to provide workers’ compensation insurance coverage, the em *109 ployer must seek all of its potential damages in one case. We hold that an employer may bring a separate action each time its liability to the employee is fixed by an order in the compensation proceeding. Therefore, we reverse the summary judgment entered in favor of the appellee.
In September, 1992, Palm Beach Nightclub Enterprises, Inc. (“the Nightclub”) retained insurance agent, John Galt Insurance Agency Corporation[1] (“Galt”) to procure workers’ compensation coverage effective on October 13, 1992. The insurance Galt procured did not become effective until October 16, 1992.
While on the job with the Nightclub, Robin Tucker was injured on October 15, 1992, the day before the workers’ compensation coverage became effective. Tucker filed a compensation claim against the Nightclub. A September 24,1993 compensation order entered after a merits hearing determined those benefits due Tucker from the Nightclub at that time. The Nightclub filed suit against Galt in 1993, alleging that Galt had wrongfully failed to obtain workers’ compensation coverage, so that the company had no coverage for Tucker’s claim.
In late 1993, Tucker filed a rule nisi action in the circuit court against the Nightclub, seeking to enforce the September compensation order. Section, 440.24, Florida Statutes (1997), provides the circuit court with jurisdiction to enforce orders entered by a judge of compensation claims, via what the statute refers to as a rule nisi. A rule nisi procedure is necessary because a judge of compensation claims does not have the authority to enforce his or her own orders. See Frank v. Crawford & Co., 670 So.2d 117, 118 (Fla. 4th DCA 1996).
In March, 1994, Tucker and the Nightclub partially settled the rule nisi proceeding. As part of the settlement, the Nightclub assigned Tucker all of its claims against Galt. Tucker was substituted as the party plaintiff in the lawsuit the Nightclub had filed against Galt. On August 29, 1994, the circuit court awarded Tucker $42,015.45 in the rule nisi proceeding, pursuant to the September, 1993 compensation order. The circuit court’s judgment provided that Tucker was “entitled to future compensation and medical benefits” from the Nightclub, to be determined by the judge of compensation claims. The court reserved jurisdiction to enter “such additional orders as may be reasonable and necessary to enforce any future orders” of the judge of compensation claims.
In December, 1995, the Nightclub’s claim against Galt, where Tucker had been substituted as a plaintiff, proceeded to a non-jury trial. The trial court found that Galt had breached its contract to provide the Nightclub with workers’ compensation coverage and awarded the $42,015.45 determined to be owed in the rule nisi proceeding.[2] The court reserved jurisdiction to enter “such further orders as may be reasonable, necessary, and just.” Galt appealed this judgment, which was affirmed by this court. See Carpenter & Rudd Ins. Agency v. Tucker, 690 So.2d 597 (Fla. 4th DCA 1997).
While the first judgment was pending on appeal, the judge of compensation claims entered an order in March, 1996, requiring the Nightclub to pay an additional $30,-721.10 in workers’ compensation benefits. On April 27, 1997, in the rule nisi proceeding, the circuit court entered a judgment pertaining to the March, 1996 compensation order. This judgment ruled that Tucker was entitled to recover $35,410.13 *110 from the Nightclub, which included the $30,721.10 from the March, 1996 compensation order, plus interest and attorney’s fees. The judgment specified that the amounts it awarded were “in addition to the amounts previously awarded (Tucker) by this Court’s August 29, 1994” judgment in the same rule nisi proceeding.
On May 23, 1997, Tucker filed her complaint in this action as the assignee of the Nightclub, seeking recovery of damages based on the March 6, 1996 workers’ compensation order and the April 21, 1997 judgment of the circuit court. Each party moved for summary judgment. The trial court denied Tucker’s motion and granted Galt’s, ruling that the suit was barred by the rule against splitting causes of action. The court entered final judgment in favor of Galt.
The “rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action.” Department of Agriculture and Consumer Servs. v. Mid-Florida Growers, Inc., 570 So.2d 892, 901 (Fla.1990). As the supreme court explained in Mid-Florida Growers:
The rule against splitting causes of action is predicated on the following basic policy considerations: (1) finality in court cases promotes stability in the law; (2) multiple lawsuits arising out of a single incident are costly to litigants and an inefficient use of judicial resources; and (3) multiple lawsuits cause substantial delay in the final resolution of disputes.
Id. (citations omitted); see Alvarez v. Nestor Salesco, Inc., 695 So.2d 941, 942 (Fla. 4th DCA 1997) (quoting Gaynon v. Startum, 151 Fla. 793, 10 So.2d 432, 433 (1942)).[3] The rule should not be mindlessly and inflexibly applied without regard to the reasons for its application, when to do so would defeat the ends of justice. See Rosenthal v. Scott, 150 So.2d 433, 438 (Fla.1961); Eagle-Picker Indus., Inc. v. Cox, 481 So.2d 517, 521 (Fla. 3d DCA 1985).
This case does not involve the splitting of a cause of action in violation of the rule. The Nightclub’s claim against Galt based on the March, 1996 order of the judge of compensation claims had not yet accrued when the case based on the September, 1993 compensation order was decided. In the language of Mid-Florida, the March, 1996 order was not an “available claim” at the time of the final judgment in the first Nightclub/Galt lawsuit. The trial court’s dismissal in this case failed to take into consideration the way that payments are made to a claimant under the workers’ compensation statute.
Generally, workers’ compensation benefits are paid periodically, “in biweekly installments or as otherwise provided in § 440.15.” § 440.20(2), Fla. Stat. (1997). For example, wage-loss claims must be filed on a month-by-month basis, and each request for wage-loss benefits constitutes a new and separate claim. See Wiley Jackson Co. v. Webster, 522 So.2d 987 (Fla. 1st DCA 1988); Regency Inn v. Johnson, 422 So.2d 870, 881 (Fla. 1st DCA 1982) (on denial of rehearing of en banc decision). Outside of a lump sum payment under subsections 440.20(11) and (12), Florida Statutes (1997), the workers’ compensation act contemplates that medical treatment will be provided and benefits will be paid periodically for “such period as the nature of the injury or the process of recovery may require.” § 440.13(2)(a), Fla. Stat. (1997). Such periodic payments assures “the quick and efficient delivery of disability and medical benefits to an injured worker and ... facilitate^] the worker’s return to gainful reemployment at a reasonable *111 cost to the employer/ (1997). 440.015, Fla. Stat.
Under the normal course of a Chapter 440 proceeding, Tucker could not recover future workers’ compensation benefits until the end of the time period for which such payments were due. See Simmons v. Tropicana Prods., Inc., 457 So.2d 581 (Fla. 1st DCA 1984) (holding that workers’ compensation disability claims for July and August were not ripe for a July hearing and therefore should not have been barred at a subsequent November hearing); § 440.20, Fla. Stat. (1997). This is in contrast to the recovery of future damages in a tort case, where future damages are estimated and reduced to present value.
As the Nightclub’s assignee, Tucker stood in the Nightclub’s shoes in its claim against Galt. The trial court ruled that Galt had breached its contract to provide the Nightclub with workers’ compensation coverage. This holding obligated Galt to pay as damages what the Nightclub became obligated to pay Tucker as her employer under the workers’ compensation act. The failure to pay each amount of damages when it was liquidated by the order of the compensation judge was a separate breach of the contract to provide insurance coverage to the nightclub. At the time of the 1995 judgment in the first circuit court case, the judge of compensation claims had issued only the September, 1993 compensation order. The cause of action for the damages at issue in this case did not accrue until March, 1996, when the judge of compensation claims issued the second order, which identified those compensation benefits that became due after the September, 1993 order. As her employer, the Nightclub could not force Tucker into seeking a lump sum payoff instead of periodic payments; Tucker could not be forced into making such an election merely because she is the Nightclub’s assignee in the lawsuit against Galt.
In a case where the breach of contract is the failure to provide the employer with workers’ compensation insurance coverage, and damages are tied into the Chapter 440 framework, it is not equitable to require speculative proof of all future damages in the contract action. This approach could result in a windfall to the employer if the worker makes a miraculous recovery and needs fewer benefits than estimated, or it could cause the employer to be shortchanged in a case where the worker’s condition worsens. In a breach of contract action, the goal of damages is to place the injured party in the same position in which it would have been had the breach not occurred. As the supreme court has written:
The fundamental principle of the law of damages is that the person injured by breach of contract or by wrongful or negligent act or omission shall have fair and just compensation commensurate with the loss sustained in consequence of the defendant’s act which give rise to the action. In other words, the damages awarded should be equal to and precisely commensurate with the injury sustained.
Hanna v. Martin, 49 So.2d 585, 587 (Fla.1950).
Judicial economy is not burdened by a second suit such as the one in this case. Damages were liquidated by the judge of compensation claims and liability was established by the first suit where the trial court determined that Galt had breached its contract. Holding that a new cause of action accrued by the issuance of the March, 1996 order takes into consideration that the employer’s liability will be set periodically in the workers’ compensation proceeding. To require a party such as Galt to guesstimate all of its potential damages in one action is to unnecessarily create a vastly more complicated lawsuit, when the workers’ compensation mechanism already in place precisely and periodically fixes the amount of Galt’s liability to Tucker.
A case analogous to this one is Union Indemnity Co. v. Vetter, 107 Fla. 761, 143 *112 So. 869, 870 (1932), which involved a suit on a construction bond that contained “severable and distinct stipulations performable at different times.” The supreme court held that
[a] cause of action accrued on each particular breach of the contract, and consequently also on each particular breach of the bond, until the full penalty of the bond had been reached. It was therefore permissible to sue on the bond on each separate cause of action which accrued, it not appearing that the penalty of the bond would be exceeded by any recovery thus sought.
Vetter is similar to this case, where each cause of action against Galt accrued upon the order of the judge of compensation fixing the Nightclub’s liability to Tucker. The supreme court in Vetter did not require the plaintiff to wait until all potential claims under the bond had matured in order to bring a lawsuit.
Similarly, in State Farm Mutual Automobile Insurance Co. v. Lee, 678 So.2d 818, 820-21 (Fla.1996), the supreme court held that under the statute of limitations, a cause of action for an insurer’s failure to pay personal injury protection (PIP) benefits accrued at the time the insurer breached its obligation to pay, which was 30 days after the insurer was furnished written notice of a covered loss under the applicable statute. See § 627.736(4)(b), Fla. Stat. (1997). Like the workers’ compensation statute, the PIP statute contemplates periodic payments. See § 627.736(l)(b), Fla. Stat. (1997). The supreme court wrote that “a cause of action cannot be said to have accrued ... until an action may be brought,” suggesting that under a statute imposing a continuing obligation to pay benefits, separate causes of action arise from the failure to make payments that come due at different times. Lee, 678 So.2d at 821.
Galt cites DeCarlo v. Palm Beach Auto Brokers, Inc., 566 So.2d 318 (Fla. 4th DCA 1990); Florida Patient’s Compensation Fund v. St. Paul Fire and Marine Insurance Co., 535 So.2d 335 (Fla. 4th DCA 1988); and Georgia-Pacific Corp. v. Squires Development Corp., 387 So.2d 986 (Fla. 4th DCA 1980), for the proposition that “all damages accruing to a party as a result of a single wrongful act must be claimed and recovered in one action or not at all.” Georgia Pacific, 387 So.2d at 993. However, those cases are distinguishable from the instant case, because none involved damages that were tied into the periodic payments called for by the workers’ compensation statute.
For these reasons we reverse the summary final judgment entered in favor of Galt. On remand, Tucker’s motion for summary judgment on the issue of Galt’s liability should be granted, since the issue of Galt’s liability was litigated in the first lawsuit, which was affirmed by this court.
GUNTHER and FARMER, JJ., concur.

. When the facts of the case were developing, John Galt Insurance Agency Corporation was known as Carpenter & Rudd Insurance Agency Corporation. For ease of reference, the opinion uses the current name of the appel-lee.

. The total amount of this judgment was $51,-670.39, taking into account a set off, prejudgment interest, attorney’s fees incurred by the Nightclub in defending the workers’ compensation proceeding, and taxable costs.

. These rationales for the rule derive from two Latin maxims: “interest rei publicae ut sit finis lituum,” (“It concerns the state that there be an end of lawsuits”) and "nemo debet bis vexari pro una et eadam causa” ("No one should be twice harassed for the same cause”). U.S. Gypsum Co. v. Columbia Cas. Co., 124 Fla. 633, 169 So. 532, 539 (1936) (Ellis, J., dissenting) overruled in part by Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965); BLACK’S LAW DICTIONARY 814, 1037 (6th ed. 1990).