DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH VIERA, ALICIA VIERA, PAIGE VIERA, JOEY VIERA, LYNN DEMCHAK VIERA** and **JOSEPH VIERA AND LYNN DEMCHAK** on behalf of **CHRISTOPHER DEMCHAK,**
Appellants,

v.

**CITY OF LAKE WORTH, FLORIDA,** a municipal corporation,
Appellee.

No. 4D16-3172

[November 8, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl A. Cacacuzzo, Judge; L.T. Case No. 50-2010-CA-000606-XXXX-MB (AN).

Julie H. Littky-Rubin of Clark, Fountain, La Vista, Prather, Keen & Littky-Rubin, LLP, West Palm Beach, and Ryan J. Wynne of Slinkman, Slinkman & Wynne, P.A., Jupiter, for appellants.

Glen J. Torcivia and Matthew L. Ransdell of Torcivia, Donlon, Goddeau & Ansay, P.A., West Palm Beach, for appellee.

GROSS, J.

Section 112.19, Florida Statutes (2015), provides benefits to certain officers connected with law enforcement. Appellant Joseph Viera, a former law enforcement officer with the City of Lake Worth, sought section 112.19(2)(h)1. benefits from the City. The circuit court dismissed his case on the ground that the statute of limitations barred his claim. Because section 112.19(2)(h)1. creates a statutory entitlement to benefits to be paid out periodically over time, we hold that the trial court erred in dismissing the portion of his claim that accrued after January 8, 2006.

Section 112.19 provides benefits to law enforcement officers who are killed or injured in the line of duty. Section 112.19(2)(h)1. entitles a catastrophically injured employee and his family to receive health insurance benefits. That statute provides:

Any employer[1] who employs a full-time law enforcement, correctional, or correctional probation officer who, on or after January 1, 1995, suffers a catastrophic injury, as defined in s. 440.02, Florida Statutes 2002, in the line of duty *shall pay the entire premium of the employer's health insurance plan for the injured employee, the injured employee's spouse, and for each dependent child of the injured employee until the child reaches the age of majority or until the end of the calendar year in which the child reaches the age of 25 if the child continues to be dependent for support, or the child is a full-time or part-time student and is dependent for support.* The term "health insurance plan" does not include supplemental benefits that are not part of the basic group health insurance plan. *If the injured employee subsequently dies, the employer shall continue to pay the entire health insurance premium for the surviving spouse until remarried, and for the dependent children, under the conditions outlined in this paragraph.* However:

a. Health insurance benefits payable from any other source shall reduce benefits payable under this section.

b. It is unlawful for a person to willfully and knowingly make, or cause to be made, or to assist, conspire with, or urge another to make, or cause to be made, any false, fraudulent, or misleading oral or written statement to obtain health insurance coverage as provided under this paragraph. A person who violates this sub-subparagraph commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

c. In addition to any applicable criminal penalty, upon conviction for a violation as described in sub-subparagraph b., a law enforcement, correctional, or correctional probation officer or other beneficiary who receives or seeks to receive health insurance benefits under this paragraph shall forfeit the right to receive

---

[1] Section 112.19(1)(a) defines employer as meaning

a state board, commission, department, division, bureau, or agency, or a county, municipality, or other political subdivision of the state, which employs, appoints, or otherwise engages the services of law enforcement, correctional, or correctional probation officers.

such health insurance benefits, and shall reimburse the employer for all benefits paid due to the fraud or other prohibited activity. For purposes of this sub-subparagraph, "conviction" means a determination of guilt that is the result of a plea or trial, regardless of whether adjudication is withheld.

(Emphasis supplied).

Viera suffered catastrophic injuries which rendered him permanently and totally disabled. Due to his injuries, he separated from employment with the City as a "disability retiree," effective June 22, 2001. After December 10, 2002, Viera had no personal or group health insurance coverage. Viera reached a workers' compensation settlement with the City in 2008.[2]

On January 8, 2010, Viera, along with his dependent children, filed a declaratory relief action seeking (1) a declaration that the City did not perform its statutory duty of paying for health insurance coverage under section 112.19(2)(h)1., Florida Statutes; (2) an order directing the City to pay for future health insurance coverage; and (3) an award of damages for the money appellant had to pay for health insurance coverage from December 2002 plus interest.

The City moved for summary judgment based on the statute of limitations and other grounds. The City argued that Viera's cause of action accrued, at the latest, in 2002, when the City ceased paying for his health insurance premiums; thus, applying the four-year statute of limitations, the City asserted that Viera had until 2006 to bring the action, so his 2010 complaint was untimely.

The circuit court granted the City's motion for summary judgment on statute of limitations grounds. The court expressly declined to reach the City's sovereign immunity argument.

Nothing in the record suggests that the City would have satisfied its section 112.19(2)(h)1. obligation to "pay the entire premium of the employer's health insurance plan for the injured employee, the injured employee's spouse, and for each dependent child of the injured employee" by making one lump sum payment. Such a one-time payment would have been practically impossible to compute because it would have been difficult to establish Viera's life expectancy, and payments would have continued after his death to his wife and children. Government health

---

[2] For the purpose of the summary judgment, the City accepts the statement of these facts in the light most favorable to Viera.

insurance benefits are typically paid periodically over time; section 112.19(2)(h)1. contemplates such periodic payments when it states that, after the death of the employee, "the employer shall continue to pay the entire health insurance premium for the surviving spouse until remarried, and for the dependent children."

Where a "statute impos[es] a continuing obligation to pay benefits, separate causes of action arise from the failure to make payments that come due at different times." *Tucker v. John Galt Ins. Agency Corp.,* 743 So. 2d 108, 112 (Fla. 4th DCA 1999). Thus, the Supreme Court has held that for statute of limitations purposes, "a cause of action for an insurer's failure to pay personal injury protection [PIP] benefits accrued at the time the insurer breached its obligation to pay, which was 30 days after the insurer was furnished written notice of a covered loss under the applicable [PIP] statue. *Id.* (citing *State Farm Mut. Auto. Ins Co. v. Lee*, 678 So. 2d 818, 820-21 (Fla. 1996)).

The periodic statutory payment obligation in this case is akin to contracts involving debts payable by installments. In *Bishop v. State, Div. of Ret.*, 413 So.2d 776, 777-78 (Fla. 1st DCA 1982) the first district characterized the relationship between a retired state employee and the Division of Retirement as a contractual one. *Id.* at 778. The court held that for statute of limitations purposes, the underpayment of a retired employee's monthly retirement payment would constitute "a continuing breach of contract," so that a separate cause of action arose with each underpayment. *Id.*; *see also Greene v. Bursey*, 733 So. 2d 1111, 1114 (Fla. 4th DCA 1999); *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC,* 746 F.3d 1008, 1043-44 (11th Cir. 2014) (applying "continuing violation principle" to a restrictive covenant running with the land).

Applying *Bishop*, *Tucker*, and *Lee* to this case, a separate cause of action accrued each time the City failed to make a periodic payment required by section 112.19(2)(h)1.

Viera filed his case on January 8, 2010. While the four year statute of limitations had run on any loss prior to January 8, 2006, the statute did not bar any claims arising thereafter.

We reject Viera's argument that the City had an obligation to notify him of the benefits available to him under section 112.19(2)(h)1. Nothing in section 112.19 imposes a duty on the employer to notify an employee of his or her rights under the statute.

We do not reach the issue of the City's sovereign immunity because the circuit judge did not rule on that basis. Similarly, we have not passed on

- 4 -

any other issue concerning either entitlement to or computation of damages under the statute.

*Reversed in part and remanded.*

WARNER and TAYLOR, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**